IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | |
| FITZROY SIMEON LEWIS | : | CASE NO. 1-21-00032-HWV |
| HEATHER ANN LEWIS | : | |
| Debtors | : | |
| | : | CHAPTER 13 |
| BANK OF AMERICA, N.A. | : | |
| Movant | : | |
| | : | |
| v. | : | |
| | : | |
| FITZROY SIMEON LEWIS | : | |
| HEATHER ANN LEWIS | : | |
| Respondents | : | |

## DEBTORS' RESPONSE TO MOTION OF
## BANK OF AMERICA, N.A.
## FOR RELIEF FROM THE AUTOMATIC STAY

**AND NOW,** come Debtors, Fitzroy Simeon Lewis and Heather Ann Lewis, by and through their attorney, Gary J. Imblum, and respectfully respond as follows:

1. Admitted.

2. Admitted.

3. Admitted in part and denied in part. The Note speaks for itself. Strict proof is demanded.

4. Admitted in part and denied in part. The Mortgage speaks for itself. Strict proof is demanded.

5. Admitted in part and denied in part. The Loan Modification Agreement speaks for itself. Strict proof is demanded.

6. Admitted in part and denied in part. Debtors have no knowledge of the outstanding balance. Strict proof is demanded.

7. Denied. Movant is not entitled to fees and costs since the amount of Movant's claim exceeds the fair market value of the property. 11 U.S.C. § 506(b), <u>United Savings Association v. Timbers of Inwood Forest Assocs., Ltd.</u>, 484 U.S. 365 (U.S. Supreme Court 1988). The amount of the Proof of Claim of Bank of America showed a balance of approximately $115,000.00 at the time of the filing of the bankruptcy. The market analysis attached to Debtors' Schedules demonstrates that the value of the real estate at the time of filing was approximately $102,000.00.

8. Admitted. Debtors submitted a Loan Modification Application to Movant two (2) to three (3) weeks ago. If the Loan Modification is not granted in time to resolve this matter, Debtors offer to cure the arrearage through an amended plan.

9. Admitted in part and denied in part. See response to paragraph 8.

10. Admitted.

11. Admitted.

12. Admitted in part and denied in part. The Note speaks for itself.

13. Admitted.

14. Denied. The property is necessary for an effective reorganization. The property is the Debtors' residence. To the extent that the Debtors are behind on post-petition payments, Debtors will make an offer in the near future to bring those payments current.

[Remainder of page intentionally left blank]

**WHEREFORE**, Debtors respectfully request that this Honorable Court issue an Order denying the Motion for Relief From Stay.

Respectfully submitted,

Gary J. Imblum, Esquire
Attorney I.D. No. 42606
4615 Derry Street
Harrisburg, PA 17111
(717) 238-5250
Fax No. (717) 558-8990
gary.imblum@imblumlaw.com
Attorney for Debtors

DATED: 11-9-21

# CERTIFICATION OF SERVICE

I, Carol V. Shay, Paralegal, do hereby certify that I have served a copy of the foregoing DEBTORS' RESPONSE TO MOTION OF BANK OF AMERICA, N.A. FOR RELIEF FROM THE AUTOMATIC STAY upon the following persons by E-Service or by United States Mail, first class, postage prepaid, at Harrisburg, Dauphin County, Pennsylvania, addressed to:

JACK N. ZAHAROPOULOS, ESQUIRE
CHAPTER 13 TRUSTEE
VIA E-SERVICE

JILL MANUEL-COUGHLIN, ESQUIRE
POWERS KIRN, LLC
COUNSEL FOR MOVANT
VIA E-SERVICE

IMBLUM LAW OFFICE, P.C.

*Carol V. Shay*
Carol V. Shay, Paralegal
4615 Derry Street
Harrisburg, PA 17111
(717) 238-5250
Fax No. (717) 558-8990
gary.imblum@imblumlaw.com
For Debtors

DATED: 11/9/2021